James Leos V07456
E4 235
P.O. Box 5246
Corcoran, CA 93212-5246
In Propria Persona

FILED
NOV 02 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Leos, <br><br> Plaintiff, <br><br> vs. <br><br> C. Rasey, et al, <br><br> Defendants | Case No: 1:14-cv-02029-LJO-JLT <br><br> **PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT** |

**TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ACTION: PLEASE TAKE NOTICE THAT,** Plaintiff will move this Court for a Motion to Strike Defendants Affirmative Defenses to his Second amended Complaint, that was filed on August 3, 2015. Plaintiff seek this Motion based on the fact Defendant are boilerplating listing of Affirmative Defenses which are irrelevant to the claims asserted.

   Plaintiff's Motion is based upon this Notice, Declaration, Memorandum of Points and Authorities in support thereof and such oral and documentary evidence as may be presented at the time of the hearing.

Dated: October 27, 2015

Respectfully Submitted,

/s/ James Leos

JAMES LEOS 107456
E4-235
P.O. Box 5246
Corcoran, CA 93212-5246
In Propria Persona

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

James Leos

          Plaintiff,

vs.

C. Rasey, et al,

          Defendants

Case No: 1:14-cv-02029-LJO-JLT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT**

### I.
### INTRODUCTION

Plaintiff is an inmate in the custody of CDCR and filed this civil action on August 3, 2015. Defendants are being alleged that they were Deliberate Indifference, Retaliation and Negligence to Plaintiff.

### II.
### SUMMARY OF FACTS

Plaintiff filed a Civil Complaint with this Court on August 3, 2015. Defendants submitted there Answer and Affirmative Defenses on October 9, 2015. Defendants Affirmative Defenses are boilerplating listing of Affirmative Defenses, which are irrelevant to the claim asserted. Defendants have failed to allege sufficient facts to establish that the affirmative defenses are plausible. Defendants alleged only conclusory statements and failed to allege any identifiable

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT**

facts supporting the affirmative defenses.

## III.
## LAW & ARGUMENTS

An affirmative defense is insufficiently pleaded if it fails to give the Plaintiff fair notice of the nature of the defense. *Fed. R. Civ. P. 12 (f)*.

To survive a Motion to Strike Affirmative Defenses, the defendant must plead facts showing that the defense is plausible, not just possible. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S., 544, 570 (2007)*.

If an Affirmative Defense is insufficient on its face or compromises no more than "bare bones conclusory allegations" it must be stricken. *Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294-95; Flasza v. TNT Holland Motor Express, 155 F.R.D. 612 at 613-14*.

*Rule 8* requires a party to make a "showing," rather than a blanket assertion, of entitlement to relief.

Defendants' affirmative defenses are vague, conclusory allegations that fail.

Affirmative Defenses are not appropriate because they do not assert external reasons why, even given the Complaint's truth. *Sliwa v. Hunt. No. 92 C 6215, 1992 U.S. Dist. LEXIS 18059*.

Documents are deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain property on demand. **Fed. R. Civ. P. 34 (a) (1)**.

An Affirmative Defense is insufficient if, as a mater of law, the defense cannot succeed under any circumstances. *Ameriwood Industries International Corp. v. Arthur Andersen & Co., 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th cir. 1953)*.

Plaintiff argues that the Court should apply the pleading standard set forth in *Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) to determine whether a Defendant has provided fair notice of an affirmative defense.*

Defendants' states In response to paragraph II, "Exhaustion of Administrative

2
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT**

Remedies," Defendants admit that there is an inmate appeals process available at Plaintiff's institution, California substance Abuse Treatment Facility and State Prison (SATF), located in Corcoran, California. Defendants lack sufficient knowledge or information as to whether Plaintiff has exhausted administrative remedies concerning the issues in this lawsuit, and on that basis deny that he exhausted. **Plaintiff respond: Defendants can demand the appeal that was exhausted. "Property is deemed within a party's possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."** *Allen v. Woodford,* **No. CV-F-05-1104 OWW LJO, 2007 U.S. Dist. LEXIS 11026, 2007 WL 309945, \*2 (E.D. Cal. Jan. 30, 2007)(citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at \*4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07cv01814 DLB PC, 2010 U.S. Dist. LEXIS 36953, 2010 WL 1136216, at \*1 (E.D. Cal. Mar. 19, 2010)**.

Defendants First Affirmative Defense states: "The Second Amended Complaint fails to allege facts sufficient to state a claim." PLAINTIFF DENIES. HE HAVE FACTS.

Defendants Second Affirmative Defense states: "The Second Amended Complaint fails to allege facts sufficient to constitute a claim for punitive damages." PLAINTIFF DENIES.

Defendants Third Affirmative Defense states: "To the extent Plaintiff has failed to Exhaust available administrative remedies, his claims are barred by 42 U.S.C. §1997(e)." **Defendants have failed to allege sufficient facts to establish that the affirmative defense is plausible. Defendant has failed to prove that Plaintiff has not exhausted his administrative remedies. Defendants have a legal right to obtain these documents on demand from the CDCR.** *See Jones v. Bock,* **549 v. U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed. 2d 798 (2007).**

Defendants Fourth Affirmative Defense states: "Defendants are entitled to immunity and qualified immunity because they did not violate Plaintiffs Fist and Eighth Amendment rights, acted in good faith, and with a reasonable belief that their conduct was reasonable." **Defendants are not entitle4d to qualified immunity because Plaintiff pleads facts showing (1) that the Defendants violated a constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.** *Ashcroft v. al-Kidd,* **131 S.Ct. 2074, 2080, 179 L.Ed. 2d 1149 (2011) Defendants are not a state or an agency, so they do not have immunity.**

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT

**Defendants do not have immunity when sued for damages in an individual capacity.** *Arizonans for Official English v. Arizona, 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed. 2d 170 (1997).*

Defendants Fifth Affirmative Defense states: "Plaintiff's own conduct has contributed to his damages, if any." **Defendants have failed to allege any identifiable facts supporting this affirmative defense.**

Defendants Sixth Affirmative Defense states: "To the Extent that Plaintiff has previously litigated the issues raised in this complaint, the complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel." **Defendants have failed to allege any identifiable facts supporting that Plaintiff is relitigating an identical issue, nor that this lawsuit raised any claims in a prior action. Collateral estoppel on the affirmative defense is unavailable to Defendants because, they failed to allege any identifiable facts supporting there is a prior case with the same issues.**

Defendants Seventh Affirmative Defense states: "Plaintiff has failed to mitigate his damages, if any." **Defendants have failed to allege sufficient facts to establish that this affirmative defense is plausible. Plaintiff has not specified an amount of damages, the Damages is to be determined at trial. This affirmative defense is irrelevant to the claim, and it lacks standing.**

Defendants Eighth Affirmative Defense states: "To the extent Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S. C. § 1997e (e)." **Defendants have failed to allege sufficient facts to establish that the affirmative defense is plausible. Plaintiff has not sued for damages pertaining to mental or emotional injury. This affirmative dense is irrelevant to the claim, and it lacks standing.**

Defendants Ninth Affirmative Defense states: "This action is barred by the decision in Heck v. Humphrey, 512 U.S. 477." **Defendant Stonestreet admitted that on October 18, 2013, Plaintiff's RVR was dismissed via the inmate grievance process, so how can it be barred. See Defs' Ans. to Pl.'s Second Am. Compl, Page 3 #25-28 and Page 4 #1.**

Defendants Tenth Affirmative Defense states: "Plaintiff has failed to comply with the tort claims requirements of the California government claims Act." **This Affirmative Defense is**

**merely conclusory allegations that the Defendant s has not supported by any facts whatsoever.**

Defendants Eleventh Affirmative Defense states: "Defendants are immune from Plaintiff's state law negligence claim under the immunity provisions of the California Government Claims Act." **Defendant has not supported by any facts whatsoever that Plaintiff has not submitted a claim to the California Victim Compensation and Government Claims Board as per** *Cal. Gov't. Code §§905, 910, 911.2, 945 and 950.2* **Plaintiff submitted claim and it was denied on** Sept. 19, 2013 . Claim G612-861 .

Defendant Twelfth Affirmative Defense states: "Because the complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendants reserve their right to assert additional affirmative defenses, if and to the extent, such defenses are applicable." **This Twelfth Affirmative Defense is not an affirmative defense at all. Rather, it is a statement that they reserve the right to assert additional affirmative defenses as this case progress.** *2013 U.S. Dist. LEXIS 60928, Polo v. Shwiff (4/29/13).*

## PRAYER FOR RELIEF

Plaintiff pray for relief as follows:

1. That judgment be entered in favor of Plaintiff and Defendants take nothing by this action;
2. That Plaintiff be awarded costs of suit and attorney's fees; and
3. That Plaintiff be awarded such other relief as this Court deems proper.
4. Plaintiff asks the Court to Strike Defendants Answer #2 and Affirmative Defenses.

Dated October 27, 2015

Respectfully Submitted,

*[signature]*

//

//

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT

James Leos V07456
E4 # 235
PO Box 5246
Corcoran, CA 93212-5246
In Propria Persona

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES LEOS

    Plaintiff,

vs.

C. Rasey et. al.,

    Defendants

Case No.: 1:14-CV-02029-LJO-JLT (PC)

**PROOF OF SERVICE BY MAIL**

I the undersigned, hereby declare:

    1. I am a citizen of the Untied States; 2. I am over the age of 18 years and not a party to this case; 3. I am a resident of Kings county, in California. My mailing address is:

    SATF/SP
    PO Box 5246
    Corcoran, CA 93212

On October 28, 2015, I served a true copy or original copy of the following:

"PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF REPLY TO DEFENDANT ANSWER AND NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT", By placing

1

**PROOF OF SERVICE BY MAIL**

said document(s) in a sealed postage paid envelope into the SATF/SP at Corcoran, mailbox for delivery to the United States Post Office at Corcoran, California, addressed as followed:

United States District Court
Eastern District of California
Attn: Clerk of the Court
2500 Tulare Street, Rm. 1501
Fresno, California 93721-2201

Erick J. Rhoan, Deputy Attorney General
1300 I Street
P.O. Box 944255
Sacramento, CA 94244-2550

And that this declaration was executed under the penalty of perjury of the laws in California and the United States of America at Corcoran, California 93212-5246, on October 28, 2015.

Edward B. Spencer
PRINT NAME (DECLARANT)

SIGNATURE (DECLARANT)

//
//
//
//
//
//
//
//
//
//
//
//