UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. RASEY et al.,<br><br>        Defendants. | Case No.: 1:14-cv-02029 LJO JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES WITH LEAVE TO AMEND<br><br>(Doc. 24) |

Plaintiff claims he was forced to work in the prison kitchen despite that this exceeded his physical capabilities. (Doc. 19) In their answer, Defendants raise a number of affirmative defenses. (Doc. 21) In this motion, Plaintiff seeks an order striking the defenses. (Doc. 24) For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion **with leave to amend**.

**I.     Pleading Standards for Affirmative Defenses**

The Federal Rules of Civil Procedure require a party responding to a pleading to identify its defenses to each claim asserted. Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

1

In *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), the Ninth Circuit Court of Appeals determined, "'the "fair notice' required by the pleading standards only requires describing the defense in "general terms." Though this a not a demanding standard, it *does still* require a party to plead some factual basis for its allegations. "Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based." *Dodson v. Munirs Co.*, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013). Likewise, "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)).

### III. Motion to Strike

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). A defense may be "insufficient" as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). A defense is insufficiently pleaded if it fails to give "fair notice" of the defense, while it is insufficient as a matter of law when there are no questions of fact or law, and the defense would not succeed under any circumstances. *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike affirmative defenses "are disfavored and infrequently granted." (*Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must view the pleading under attack in the light more favorable to the pleader." *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the policy favoring resolution of cases "on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th

Cir. 1957); *Wyshak*, 607 F.2d at 827.

Plaintiff seeks to strike each of the affirmative defenses asserted by Defendant.  (Doc. 24) Seemingly, Plaintiff claims that all of the affirmative defenses are "legally insufficient" because they lack factual support.

**IV.    Discussion and Analysis**

**A.    First, Second and Eighth Affirmative Defenses**

The first and second affirmative defenses assert, respectively, that Plaintiff has failed to state a claim and failed to state sufficient facts to support a claim for punitive damages.  Likewise, the eighth defense seems to suggest that if Plaintiff fails to prove that he suffered a physical injury, he may not recover for emotional damages.

Significantly, proper "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  In contrast, a denial of allegations in the complaint or "an assertion that the [plaintiff] cannot prove the elements of [its] claim" is not a proper affirmative defense.  *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 at *8-9 (E.D. Cal. July 8, 2009).  Accordingly, "[f]ailure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 at *5 (E.D. Cal. June 8, 2011); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case").  Therefore, the first, second and eighth affirmative defense are **STRICKEN**.

**B.    Third, Sixth and Ninth Affirmative Defenses**

In these defenses, Defendants assert that the action may be barred for failure to exhaust administrative remedies, because the matter or issues raised have been previously decided and because success on claims raised here would invalidate a judgment that has not been set aside or reversed.

Though Defendants are not required to provide specific details as to why they believe the action is barred, they are required to set forth some factual support for their claim that it is.  Here, they admit that SATF has an inmate grievance process and that Plaintiff filed a grievance but they do not

know the contents of the grievance sufficiently to determine whether Plaintiff has exhausted the requirements of the process.  (Doc. 21 at 2-3)  Likewise, they note that this action arose out of King County Superior Court but do not know whether Plaintiff has brought other litigation on these same topics.  *Id.* at 1-2.  On the other hand, Defendants assert that Plaintiff suffered discipline related to his refusal to work.  *Id.*  However, they are not certain whether this is sufficient to bring the matter within the confines of *Heck v. Humphrey.*  In essence, Defendants assert that they don't know yet whether these defenses apply and will, presumably, make efforts to confirm these claims.  The Court finds Plaintiff has been placed on fair notice of these defenses and the motion is **DENIED**.

### C. Fourth Affirmative Defense

In the fourth defense, Defendants claim the protections of qualified immunity.  In doing so, they assert that they did not violate Plaintiff's constitutional rights but, if they did, they acted in good faith and with a reasonable belief their conduct was reasonable.

Once again, a mere denial of an element of Plaintiff's claims is not an affirmative defense.  *Solis,* 2009 U.S. Dist. LEXIS 63271 at *8-9.  However, qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity "balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

The threshold inquiry to a qualified immunity determination is whether the facts alleged, when taken in the light most favorable to the plaintiff, demonstrate that the official's conduct violated a statutory or constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  If the alleged conduct would not be considered a violation, the inquiry stops and the defense of qualified immunity applies. *See id.*  However, if a constitutional violation occurred, the Court must determine whether the statutory or constitutional right was "clearly established."  *Id.*  A right is "clearly established" in the context of qualified immunity if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted' . . . or whether the state of the law [at the time of the violation]

4

1  gave 'fair warning' to the official[] that [his] conduct was unconstitutional." *Clement v. Gomez*, 298
2  F.3d 898, 906 (2002) (quoting *Saucier,* 533 U.S. at 202). This inquiry "must be undertaken in light of
3  the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201.
4  Defendant has the burden to prove that he is entitled to qualified immunity. *Moreno v. Baca,* 431 F.3d
5  633, 638 (9th Cir.2005).

6      Thus, the claim that the officers acted in good faith and with a reasonable belief that their
7  conduct was reasonable, does not address the specific elements of qualified immunity. Thus, the
8  defense is **STRICKEN**.

9      **D.**     **Fifth and Seventh Affirmative Defense**

10      In the fifth and seventh defenses, Defendants claim Plaintiff contributed to his injuries and that
11  he has failed to mitigate his damages.

12      Once again, Defendants fail to set forth *any* facts to suggest why they think this is so. Thus,
13  the defenses are **STRICKEN**.

14      **E.**     **Tenth and Eleventh Affirmative Defense**

15      In the tenth and eleventh defenses, Defendants assert Plaintiff has failed to comply with the
16  California Tort Claims Act and that they are immune from liability for negligence under the Act.

17      Again, Defendants assert that they do not know whether Plaintiff filed a claim under
18  California's Tort Claims Act. Presumably, they will investigate during discovery to determine this.
19  On the other hand, if they believe one of the immunities set forth in California's Government Code or
20  elsewhere applies in this case, they should cite the statute. Thus, the motion as to the tenth defense is
21  **DENIED** but the motion is **GRANTED** as to the eleventh defense. Thus, the eleventh defense is
22  **STRICKEN**.

23      **F.**     **Twelfth Affirmative Defense**

24      In the twelfth defense, Defendants assert that other affirmative defenses may apply and, if they
25  discover other applicable defenses, they reserve their right to assert them.

26      Notably, however, this is not an affirmative defense and Defendants agree that it may be
27  stricken. The right to assert affirmative defenses depends upon whether they have been pleaded in the
28  answer and the right to amend an answer to add further affirmative defenses depends upon Rule 15

and the scheduling order. Thus, the statement set forth under the twelfth defense is ineffective as a defense and is **STRICKEN**.

### G.     Second Paragraph of the Answer

Seemingly, Plaintiff seeks the Court to strike the second paragraph of the answer.  He states,

> Defendants can demand the appeal that was exhausted. "Property is deemed within a party's possession, custody, or control" if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 U.S. Dist. LEXIS 11026, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 1007)(citing *In re Bankers Trust Co.*, 61 F.3d 465,469 (6th Cir. 1995)); accord *Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No.1:07cv01814 DLB PC, 2010 U.S. Dist. LEXIS 36953, 2010 WL 1136116, at *1 (E.D. CaL Mar. 19, 1010).

Exactly why Plaintiff believes this means the paragraph should be stricken, is unclear.  Presumably, he thinks Defendants should have investigated this prior to filing their answer.  While that would have been better, that has nothing to do with the standard for pleading an answer. Thus, the request to strike this paragraph is **DENIED**.

### V.     Conclusion

A couple of the affirmative defenses are not, in fact, affirmative defenses and insufficient as a matter of law.  In addition, the remaining defenses fail to provide sufficient factual support to give Plaintiff with fair notice, and are inadequate.  Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to strike the affirmative defenses is **GRANTED IN PART** and **DENIED IN PART** as follows:

    A. The motion is **GRANTED** as to the First, Second, Fourth, Fifth, Seventh, Eighth, Eleventh and Twelfth Affirmative Defenses are **STRICKEN with leave to amend**;

    B. The motion is **DENIED** as to the second paragraph of the answer and the Third, Sixth, Ninth and Tenth Affirmative Defenses;

2. Any amended answer **SHALL** be filed within 14 days of the date of service of this order.

///

Failure to amend will result in the matter proceeding without the affirmative defenses stricken here.

IT IS SO ORDERED.

| Dated: | **March 24, 2016** | **/s/ Jennifer L. Thurston** |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |