# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>        Plaintiff,<br><br>    v.<br><br>RASEY, et al.,<br><br>        Defendants. | Case No. **1:14-cv-02029-LJO-JLT (PC)**<br><br>**SECOND INFORMATIONAL ORDER - NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 29)**<br><br>**21-DAY DEADLINE** |

        Defendants filed a motion for summary judgment both on the merits of Plaintiff's claims and for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Doc. 29.) Pursuant to *Woods v. Carey*, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

        1. Unless otherwise ordered, briefing for all motions for summary judgment is governed by Local Rule 230(l).

        2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(l). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, the Court may dismiss the action, with</u>

1   prejudice, for failure to prosecute. The opposing party must file an opposition or statement of
2   non-opposition not more than 21 days after the date of service of the motion. *Id.*
3       3. A motion for summary judgment is a request for judgment on some or all of Plaintiff's
4   claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth
5   the facts which they contend are not reasonably subject to dispute and that entitle them to
6   judgment as a matter of law. Fed. R. Civ. P. 56(c). This is the Statement of Undisputed Facts.
7   Local Rule 260(a).
8       Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion,
9   Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants'
10  motion, but may still argue that Defendants are not entitled to judgment as a matter of law.
11      If Plaintiff does not agree with the facts set forth in Defendants' motion, he must show
12  that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely
13  upon statements made under the penalty of perjury in the Third Amended Complaint or the
14  opposition if (a) the Third Amended Complaint or opposition shows that Plaintiff has personal
15  knowledge of the matters stated and (b) Plaintiff cites to the specific portions of the Third
16  Amended Complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file
17  declarations setting forth the facts which Plaintiff believes prove his claims;[1] (3) Plaintiff may
18  rely upon written records but Plaintiff must prove that the records are what he claims they are;[2] or
19  (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to
20  interrogatories, or admissions obtained in this proceeding. If Plaintiff fails to contradict
21  Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as
22  truth and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).
23      In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

4. If discovery has not yet been opened or if discovery is still open and Plaintiff needs to conduct discovery to oppose the motion, the Court will consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment SHALL include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts to be discovered are essential to opposing the motion for summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006); *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). **The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment**. *Blough*, 574 F.3d at 1091 n.5; *Tatum*, 441 F.3d at 1100-01; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

5. The Court will strike unsigned declarations and declarations not signed under penalty of perjury because they have no evidentiary value.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated: **March 30, 2016**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE