# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RASEY, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-02029-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED**<br><br>**(Doc. 29)**<br><br>**TWENTY-ONE DAY DEADLINE** |

The defendants contend the plaintiff failed to exhaust the available administrative remedies and failed to timely file this action in compliance with the California Tort Claims Act. Cal. Gov't Code § 945.6.  (Doc. 29.) For the reasons discussed below, the Court finds that, as to Plaintiff's claims under § 1983, Defendants have not met their burden and their motion should be DENIED with prejudice, but that their motion as to the state law claims, should be GRANTED as to defendant Rasey.

## **DISCUSSION**

**A.  Legal Standards**

　　**1. Summary Judgment Standard**

Any party may move for summary judgment, which the Court shall grant, if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino v. Baca*, 697 F.3d 1023,

1166 (9th Cir. 2012); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The failure to exhaust is an affirmative defense which the defendants bear the burden of raising and proving on summary judgment. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910 (2007); *Albino*, 747 F.3d at 1166. The defense must produce evidence proving the failure to exhaust and summary judgment under Rule 56 is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

**2. Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532; 122 S.Ct. 983 (2002), regardless of the relief both sought by the prisoner and offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).

On summary judgment, Defendants must first prove that there was an available administrative remedy which Plaintiff did not exhaust prior to filing suit. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172). If Defendants carry their burden of proof, the burden of production shifts to Plaintiff "to come forward with evidence

showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

"Under § 1997e(a), the exhaustion requirement hinges on the "availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). An inmate is required to exhaust those, but only those, grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Id.* at 1858-59, citing *Booth v. Churner,* 532 U.S. 731, 738 (2001). However, "a prisoner need not press on to exhaust further levels of review once he has [ ] received all 'available' remedies." *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

"If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Williams*, at 1166. The action should then be dismissed without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**3. Summary of CDCR's Inmate Appeals Process**

The California Department of Corrections and Rehabilitation has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners welfare, Cal. Code Regs., tit. 15, § 3084, *et seq*. Compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

As of 2011, an inmate initiates the grievance process by submitting a CDCR Form 602, colloquially called an inmate appeal ("IA"), describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a). An IA must be submitted within 30 calendar days of the event or decision being appealed, first knowledge of the action or decision being appealed, or receipt of an unsatisfactory departmental response to an appeal filed. Tit. 15 § 3084.8(b). The inmate is limited to raising one issue or a related set of issues in each IA in the space provided on the form and one form attachment in which he/she shall state all facts known on that issue. Tit. 15 §

3084.2(a)(1),(2),(4). The inmate must list all involved staff members along with a description of their involvement in the issue. Tit. 15 § 3084.2(a)(3). The inmate must submit original copies of supporting documents with the IA; if they are not available, copies may be submitted with an explanation why the originals are not available, but are subject to verification at the discretion of the appeals coordinator. Tit. 15 § 3084.2(b). With limited exceptions, an inmate must initially submit his/her IA to the first-level. Tit. 15 § 3084.7. If dissatisfied with the first-level response, the inmate must submit the IA to the second-level and then to the third, if necessary. Tit. 15 § 3084.2, .7. The inmates must submit first and second-level appeals to the appeals coordinator at the institution for processing. Tit. 15 § 3084.2(c). The inmate must mail the third-level appeal to the Appeals Chief via the United States mail service. Tit. 15 § 3084.2(d).

**B. Defendants' Motion on Exhaustion per 42 U.S.C. § 1997e(a)**[1]

Defendants assert that Plaintiff did not exhaust available administrative remedies on either of his claims, entitling them to judgment. (Doc. 29.) The Court must determine if Plaintiff filed any IAs concerning the allegations he is proceeding on in this action; if so, whether Plaintiff complied with CDCR's process; and if Plaintiff did not comply with CDCR's process, was it because the process had been rendered unavailable to him. *Ross* 136 S. Ct. at 1859; *Sapp*, 623 F.3d at 823. Defendants' assert their evidence shows that Plaintiff did not exhaust available administrative remedies on his claims under § 1983 before he filed suit. (Doc. 29.)

**1. Plaintiff's Claims**[2]

Plaintiff is proceeding in this action on claims stated in the Second Amended Complaint (Doc. 17) for deliberate indifference to his serious medical need in violation of the Eighth Amendment and retaliation in violation of the First Amendment against C/O Rasey and Sgt. Stonestreet; and for negligence under California law against C/O Rasey. (Doc. 19.)

Though Defendants identify a number of IAs which Plaintiff filed, and thereafter raise a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper-right corners via the CM/ECF electronic court docketing system.

[2] Plaintiff's allegations on his claim against C/O Rasey under California law for negligence are not restated since, as discussed below, this claim is dismissed because he failed to comply with the applicable government claim requirements. *See* Sect. C below.

variety of reasons why they feel each failed to meet Plaintiff's exhaustion obligation, only two of Plaintiff's IAs need be addressed -- #13-1073 and #13-1320. These IAs sufficed to meet Plaintiff's exhaustion obligation.

### a. Plaintiff's Deliberate Indifference Claim

Plaintiff alleges that, on February 22, 2013, he reported to his job assignment and told C/O Rasey of work/physical limitations he had based on a previous, serious injury. (Doc. 17, SAC, p. 3.) C/O Rasey allegedly ordered Plaintiff to work beyond his limitations which caused him to re-injure and cause pain in his right upper extremity. (*Id.*, p. 4.) When Plaintiff informed C/O Rasey of his pain, Plaintiff was given ice and allowed to leave for the day, but though C/O Rasey indicated it would be okay for Plaintiff to change jobs, she refused to document this in writing. (*Id.*) Thereafter, Plaintiff allegedly spoke with Sgt. Stonestreet regarding his injury from working that day and asked to be assigned to another job. (*Id.*) Despite knowing of Plaintiff's situation, Sgt. Stonestreet ordered Plaintiff to continue working that job assignment and told Plaintiff if he attempted to get reassigned to another job Sgt. Stonestreet would issue two serious rule violation reports against him. (*Id.*) Plaintiff again spoke with C/O Rasey who told Plaintiff the only way to get a job change was "C over C" which meant to receive disciplinary reports against him which would drop both his work and privilege group to "C," equating to program failure. (*Id.*) Because of the stance Defendants took, Plaintiff filed an IA under the Americans with Disabilities Act on March 7, 2013, requesting a job change, which was granted. (*Id.*, p. 5.)

#### i. A #13-01073 Exhausted Available Administrative Remedies on Plaintiff's Deliberate Indifference Claim Against Both Defendants

Defendants acknowledge that Log No. SATF-E-13-01073 ("IA #13-01073") states that on February 22, 2013, Plaintiff reported to work and told C/O Rasey about his pre-existing hand injury to which she responded by directing Plaintiff to find an inmate to change jobs with. (Doc. 29-1, 3:26-28, citing DSUF 5.) Defendants do not acknowledge that Plaintiff thereafter states that he was instructed to work (whether in his assigned job or that of another inmate is not stated) and that he complied. (Doc. 29-8, p. 8.) Defendants assert that, in IA #13-01703, Plaintiff also stated that C/O Rasey later allowed Plaintiff to leave the kitchen with a bag of ice on his hand. (Doc.

5

1    29-1, 3:28-4:1.) Defendants do not acknowledge that Plaintiff also specified in IA #13-01703

2    that, in the days that followed, he received medical treatment and was issued several "lay-in

3    orders" to avoid further injury. (Doc. 29-8, p. 8.)

4        Defendants also assert that, in IA #13-01703, Plaintiff further states that, "days after" the

5    February 22, 2013 incident, C/O Rasey rejected Plaintiff's attempts to change jobs with other

6    inmates and, on March 1, 2013, used foul language against Plaintiff when he went to speak with

7    her. (Doc. 29-1, 4:1-3.)

8        While Plaintiff stated in IA #13-01703 that he "presented [his] supervisors with 3 separate

9    individuals to job change with who were initially accepted by staff, but ultimately rejected by

10   supervisor C/O Rasey," the date/time-frame when Plaintiff made these efforts which were

11   rejected by C/O Rasey is not identified. (*Id.*) Further, while Plaintiff's explanation in IA #13-

12   01703 indicates that he went to speak with C/O Rasey on March 1, 2013, it specifically states

13   that, on that date, C/O Rasey ordered him to report to work even though the 1st watch staff in his

14   building had notified her of his lay-in order, a copy of which had been given to his work

15   supervisors on February 27, 2013. (Doc. 29-8, p. 8.) Plaintiff also explains that he went to speak

16   with C/O Rasey around 4:30 a.m. about this and she "immediately began yelling at [him] using

17   foul language." (*Id.*) Plaintiff further explains that he requested to be spoken to respectfully and

18   inquired why he was being spoken to with such hostility, to which C/O Rasey became aggressive

19   and used obscenities. (*Id.*) Plaintiff finished his explanation by stating that C/O Rasey mentioned

20   that she was a "MTA" and had access to Plaintiff's "medical file," that she looked at it and felt he

21   was "never injured" and "a lazy little bitch" and she told him to "Fuck off." (*Id.*)

22       These statements in IA #13-01703, viewed in the light most favorable to Plaintiff, *Jones*,

23   549 U.S. at 216, show deliberate indifference to Plaintiff's medical condition by C/O Rasey

24   rejecting the job changes Plaintiff found and thereafter forcing him to report to work despite

25   having basis upon which to know the job was beyond Plaintiff's medical restrictions.

26   Defendants' evidence shows that Plaintiff obtained a third-level review of IA #13-01703, which

27   sufficed to exhaust the available administrative remedy on Plaintiff's deliberate indifference

28   claims. (Doc. 29-8, pp. 25-26.)

1          Defendants assert that IA #13-01073 is insufficient as it fails to state that on February 22,
2   2013, Defendant Rasey wantonly forced Plaintiff to repetitively scoop and serve eggs to inmates
3   using his right hand for hours; lift and carry re-fill trays; and push 200-pound transport carts,
4   (Doc. 29-1, 4:4-6, citing DSUF 6), but this amount of specificity is not required.  "[I]f prison
5   regulations do not prescribe any particular content for inmate grievances, 'a grievance suffices if
6   it alerts the prison to the nature of the wrong for which redress is sought.  As in a notice pleading
7   system, the grievant need not lay out the facts, articulate legal theories, or demand particular
8   relief.  All the grievance need do is object intelligibly to some asserted shortcoming.'" *Johnson v.*
9   *Testman*, 380 F.3d 691, 697 (2nd Cir. 2004), quoting *Strong v. David*, 297 F.3d 646, 650 (7th
10  Cir.2002).  The Ninth Circuit held that *Strong* set the appropriate standards for prisoner
11  grievances so as to sufficiently notify prison personnel of a problem for exhaustion purposes.
12  *Griffin v. Arpaio*, 557 F.3d 1117, 1120.
13         Even though section 3084.2(a)(4) of Title 15 requires an inmate to state all facts known
14  and available to him/her regarding the issue being appealed at the time of submitting the
15  Inmate/Parolee Appeal form," the only direction given to Plaintiff regarding the required content
16  was found on the face of the IA form -- "Explain your issue."  (Doc. 29-8, p. 6.)   The form itself
17  further restricts an inmate to explain his issue in less than a page (i.e. a little over three lines that
18  do not run the width on the first page, and the space allotted on one "CDCR 602-A" form, an
19  attachment to the IA, which provides a little over eighteen lines, which again do not run the entire
20  width of the page).  (*See* Doc. 29-8, pp. 6, 8.)
21         Though Defendants have the burden of moving for summary judgment, they fail to show
22  that the specificity requirements of § 3084.2(a)(4) was publicized to inmates for Plaintiff to have
23  known that he needed to list all facts of a claim on which he intended to eventually file suit in a
24  given IA.  However, even if such publication was shown, the precise specificity required by §
25  3084.2(a)(4) is not defined.
26         Requiring a detailed presentation of facts, where the form provided only directed Plaintiff
27  to "explain your issue" and limited the space in which he could provide such explanation, without
28  informing inmates of the requirement for detailed factual specificity, effectively renders the

1    remedy unavailable since "essentially 'unknowable' -- so that no ordinary prisoner can make
2    sense of what it demands . . . ." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1859-60 (2016),
3    quoting *Goebert v. Lee County,* 510 F.3d 1312, 1323 (C.A.11 2007), and *Turner v. Burnside,* 541
4    F.3d 1077, 1084 (C.A.11 2008) ("Remedies that rational inmates cannot be expected to use are
5    not capable of accomplishing their purposes and so are not available").

6        Plaintiff's statements in IA #13-01703 generally alerted prison staff that he was being
7    forced to work in a job assignment in deliberate indifference to his serious medical need, which
8    met "[t]he primary purpose of a grievance [ ,] to alert the prison to a problem and facilitate its
9    resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1122, *ref Johnson v.*
10   *Johnson*, 385 F.3d at 522, cited with approval in *Jones*, 549 U.S. at 219.  Defendants do not meet
11   their burden because they fail to show that that § 3084.2(a)(4) was generally publicized to
12   inmates for Plaintiff to have known that he needed to describe, in explicit detail, all of his
13   allegations of deliberate indifference to his serious medical need in IA #13-01703 to exhaust his
14   administrative remedies on this claim.

15       Defendants also argue that IA #13-01073 is ineffective as it does not identify Defendant
16   Stonestreet's conduct on February 22, 2013. (Doc. 29-1, 4:10-11, citing DSUF 7.)  However,
17   "[e]xhaustion is not *per se* inadequate simply because an individual later sued was not named in
18   the grievances." *Jones*, 549 U.S. at 219.  "The PLRA requires exhaustion of 'such administrative
19   remedies as are available," 42 U.S.C. § 1997e(a), but nothing in the statute imposes a 'name all
20   defendants' requirement." *Id.* at 217.  Rather, on this specific issue, *Griffin* held that, where a
21   prison's grievance procedures are silent, a prisoner's allegations will suffice if they generally
22   notify the prison of a problem since "[t]he primary purpose of a grievance is to alert the prison to
23   a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at
24   1122, *ref Johnson v. Johnson*, 385 F.3d at 522, cited with approval in *Jones*, 549 U.S. at 219.

25       While § 3084.2(a)(3) of Title 15 requires all prison actors to be identified, the form upon
26   which Plaintiff submitted IA #13-01703, once again, only required an explanation of the "issue"
27   and was silent on any requirement to identify individual offending state actors. (Doc. 29-8, p. 6.)
28   Though Defendants have the burden of moving for summary judgment, parallel to the preceding

8

discussion, they fail to show that § 3084.2(a)(3) was generally publicized to inmates for Plaintiff to have known that he needed to list Sgt. Stonestreet in IA #13-01703 to exhaust his administrative remedies on his deliberate indifference claim against him. Requiring a list of all involved staff members, along with a description of their involvement in the issue, without informing inmates of such requirement also renders the remedy unavailable since "essentially 'unknowable' -- so that no ordinary prisoner can make sense of what it demands . . . ." *Ross*, 136 S. Ct. 1850, 1859-60. Defendants fail to show that that § 3084.2(a)(3) was generally publicized to inmates for Plaintiff to have known that he needed to list Sgt. Stonestreet in IA #13-01703 to exhaust his administrative remedies on his deliberate indifference claim against him. *Williams*, 775 F.3d at 1191.

Thus, IA #13-01703 exhausted available administrative remedies on Plaintiff's deliberate indifference claim against both Sgt. Stonestreet and C/O Rasey. Defendants are not entitled to summary judgment on this claim.

### b. Plaintiff's Retaliation Claim

Plaintiff alleges that, after he sustained injury to his right upper extremity at work on February 22, 2013, he received medical treatment. (Doc. 17, SAC, p. 5.) The next day, Plaintiff received a "lay-in" to not work. (*Id.*) However, Defendants issued a disciplinary chrono 128A against Plaintiff because he did not report to work on February 23, 2013. (*Id.*) On March 25, 2013, Plaintiff filed an IA to get the 128A dismissed for which Sgt. Stonestreet interviewed him on May 12, 2013. (*Id.*)

On May 20, 2013, Defendants issued a serious rule violation report against Plaintiff in retaliation for his having filed the IA to get the 128A dismissed. (*Id.*, pp. 5-6.) On May 22, 2013, Sgt. Stonestreet issued another RVR against Plaintiff for "unlawful influence," alleging that Plaintiff gave false statements about his medical condition to avoid work, obtain lay-ins, and to be unassigned from working the dining assignment. (*Id.*, p. 6.)

On June 15, 2013, Plaintiff was found guilty of unlawful influence. (*Id.*) On July 18, 2013, Plaintiff filed an IA challenging the finding of guilt on the RVR for unlawful influence. (*Id.*, p. 7.) On October 18, 2013, Plaintiff's IA was granted and the RVR for unlawful influence

1 was dismissed. (*Id.*)

### i. A #13-02832 Exhausted Available Administrative Remedies on Plaintiff's Retaliation Claim Against C/O Rasey

Defendants acknowledge that Plaintiff's retaliation claim is addressed in Log No. SATF-E-13-02832 ("IA #13-02832"). (Doc. 29-1, 8:24-9:12.) Defendants also acknowledge that, in this IA, Plaintiff specifically identifies Sgt. Stonestreet as issuing Plaintiff a RVR in retaliation for Plaintiff's filing of IA 13-01320. (*Id.*) Defendants' evidence shows Plaintiff pursued IA #13-02832 to second-level review where it was fully granted, noting that "[t]he issue may be submitted to the Third Level of Review if desired." (Doc. 29-10, pp. 17-18.)

An inmate exhausts the administrative process when the prison officials purport to grant relief that resolves the issue in the grievance to his satisfaction. *Harvey v. Jordan*, 605 F.3d 681, 684-85 (9th Cir. 2010) (finding prisoner had exhausted where his inmate appeal received a "partial grant" of his first request – "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies"). However, this must be tempered by both whether the entire relief requested was granted and whether the inmate has been "reliably informed by an administrator that no [further] remedies are available." *Id.*, at 683-84 (citations and quotations omitted). Plaintiff need not have pursued IA #13-02832 further since it was fully granted at the second-level review. Further, while the second-level review stated that, if he desired Plaintiff could seek third-level review, Plaintiff was not directed that further review was required to exhaust administrative remedies. Thus, IA #13-02832 sufficed to exhaust the claims contained therein.

Defendants argue that, while IA #13-02832 contained allegations pertaining to Sgt. Stonestreet's alleged retaliatory activity, it did not suffice to exhaust his retaliation claim against C/O Rasey since she was not named in it, which deprived the prison of notice and opportunity to investigate Defendant Rasey's alleged conduct that day. (Doc. 29-1, 9:4-12, citing *Griffin*, 557 F.3d at 1120.

Defendants' reliance on *Griffin* for this argument is misplaced. As noted above, "[e]xhaustion is not *per se* inadequate simply because an individual later sued was not named in

the grievances," *Jones*, 549 U.S. at 219, and where a prison's grievance procedures are silent, a prisoner's allegations will suffice if they generally notify the prison of a problem since "[t]he primary purpose of a grievance is to alert the prison to a problem. *Griffin*, 557 F.3d at 1122.

While § 3084.2(a)(3) of Title 15 requires all prison actors to be identified, the form upon which Plaintiff submitted IA #13-02832 only required an explanation of the "issue" and was silent on identification of offending state actors. (Doc. 29-10, p. 14.)  Though Defendants have the burden of moving for summary judgment, they fail to show that § 3084.2(a)(3) was generally publicized to inmates for Plaintiff to have known that he needed to list C/O Rasey in IA #13-02832 to exhaust his administrative remedies on his retaliation claim against her.  Such a requirement, that is not communicated to inmates, renders the remedy unavailable since "essentially 'unknowable.'"  *Ross*, 136 S. Ct. at 1859-60.

Defendants fail to show that § 3084.2(a)(3) was generally publicized to inmates for Plaintiff to have known that he needed to list C/O Rasey in IA #13-02832 to exhaust his administrative remedies on his retaliation claim against her.  *Williams*, 775 F.3d at 1191.  Thus, Plaintiff's allegations in IA #13-02832 sufficed to exhaust available administrative remedies on his retaliation claim against both Sgt. Stonestreet and C/O Rasey.  Defendants are not entitled to summary judgment on this claim.

**C.  C/O Rasey Entitled to Summary Judgment on Plaintiff's Negligence Claim Since Plaintiff Failed to Comply With California's Tort Claims Act**

Defendants also assert that Defendant Rasey is entitled to summary judgment on Plaintiff's negligence claim under California law because Plaintiff failed to comply with the California Tort Claims Act. (Doc. 29-1, pp. 9-10.)

**1. Requirements of the California Tort Claims Act**

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil

11

complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 797 (1974) (citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004).  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2.  Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim.  Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

**2. Analysis**

Defendants assert that, though Plaintiff alleged he complied with the CTCA, his filing of this action on June 6, 2014, in Kings County Superior Court, was untimely.  (Doc. 29-1, pp/ 9-10.)  Defendants' evidence shows that, between February 22, 2013 and June 6, 2014, Plaintiff submitted, and the Board rejected, two tort claims: (1) Claim No. G612861, and (2) Claim No.

G616990.  (Doc. 29-3, RJN, Exs. B & C.)³  Claim No. G612861 pertains to his allegations against Defendant Rasey; Claim No. G616990 does not.  (*Id.*, Ex. B at 001, 006-008; Ex. C at 001, 005-007.)  The Board rejected Claim No. G612861 on September 27, 2013.  (*Id.*, RJN, Ex. B at 004.)  Defendants correctly assert that, to be timely, Plaintiff must have filed his operative civil complaint on or before March 27, 2014.  Cal. Gov't Code § 945.6(a)(1).  Defendants' evidence shows that, the original complaint was not filed until June 6, 2014 -- over two months after the deadline.  (*Id.*, Ex. A.)

The Court finds that, as to Plaintiff's negligence claim against Defendant Rasey under California law, Defendants have met their initial burden of informing the Court of the basis for their motion and identifying admissible evidence to demonstrate the absence of a genuine issue of material fact.  The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that the dispute exists.  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank,* 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

Plaintiff opposes granting summary judgment on his negligence claim against Defendant Rasey by asserting that he timely initiated suit after receipt of the Board's rejection of his claim.  (Doc. 38, p. 7.)  To this end, Plaintiff asserts, and his evidence shows, that he attempted to file this action in Kings County Superior Court in March and May of 2013, but it was rejected both times.  (*Id.*, at pp. 7, 132-139.)  Notably, he does not provide a copy of the filings and does not explain what the Kings County Superior Court told him was wrong about the filing.  Rather the document provide by that court indicates that the filing "Must be complete, organized, and separated.  It is not the responsibility of the Clerk's Office to separate and organize filings."

---

³ Defendants' request for judicial notice to be taken of Plaintiff's CTCA claims and the docket of Plaintiff's state court action which Defendants removed here is GRANTED as they are matters of public record, including documents on file in federal or state courts, and Plaintiff does not dispute their accuracy.   Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

(Doc. 38 at 135). Likewise, it appears the plaintiff failed to provide a completed fee waiver request. Id. Plaintiff acknowledges that this lawsuit was not accepted for filing until his third attempt. (*Id.*, p. 7.) He explains how he corrected the complaint documents the second time but does not provide any evidence as to how he corrected the deficiency of the first filing. Thus, the plaintiff has failed to meet his burden of establishing that this filing was sufficient to constitute a legal action, even if it was not accepted for filing by the clerk of the court. Despite this, Plaintiff argues that his first effort to file this action, effective as of the date he gave it to prison staff for mailing -- March 10, 2013, was timely and satisfied his filing requirement. (*Id.*)

However, as stated above, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1).   A civil action is "commenced" by filing a complaint with the court. Cal. Code Civ. Proc., § 411.10. Plaintiff's attempts to file this action in March and May of 2013 were both rejected by Kings County Superior Court and he fails to provide any evidence that the first filing was sufficient. Rather, it was not until his third attempt, in June of 2013, that it was accepted for filing and the action was initiated. (*See* Doc. 1, Comp., p. 5; Doc. 29-3, p. 4.) Thus, the action was commenced just over two months too late to be accepted as timely. Plaintiff has not met his burden of showing timely compliance with the CTCA to defeat summary judgment.

Accordingly, summary judgment is proper on Plaintiff's negligence claim under California law against C/O Rasey.

## **RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on March 29, 2016 (Doc. 29), be **GRANTED and DENIED** as follows:

(1) Defendants' motion for summary judgment on Plaintiff's claim under the Eight Amendment for deliberate indifference to his serious medical needs against Defendants Rasey and Stonestreet, for Plaintiff's failure to exhaust available

administrative remedies be **DENIED**;

(2) Defendants' motion for summary judgment on Plaintiff's claim for retaliation in violation of the First Amendment against Defendants Rasey and Stonestreet, for Plaintiff's failure to exhaust available administrative remedies be **DENIED**; and

(3) Defendants' motion to dismiss Plaintiff's negligence claim under California law against Defendant Rasey for Plaintiff's failure to comply with the California Tort Claims Act be **GRANTED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 27, 2016**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE