# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>                    Plaintiff,<br><br>       v.<br><br>RASEY, et al.,<br><br>                    Defendants. | Case No.  1:14-cv-02029-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docs. 29, 43)** |

Plaintiff, James Leos, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2016, the Magistrate Judge filed Findings and Recommendations (F&R) to grant Defendants' motion for summary judgment on Plaintiff's failure to timely file this action in compliance with the California Tort Claims Act, Cal. Gov't Code § 945.6, but to deny their motion on Plaintiff's claims under § 1983, finding that Plaintiff had exhausted the administrative remedies that were available to him.  (Doc. 43.)  This was served on the parties that same day and contained notice that any objections to it were to be filed within twenty-one days.  (*Id.*)  Both sides filed timely objections.  (Docs. 44, 45.)

Defendants objected to the finding that they had not met their burden on Plaintiff's claims under § 1983 and asserted that it was Plaintiff's burden to show that the requirements of Title 15 were not publicized to have rendered the process unavailable and objected to the applicability of

1

*Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). (Doc. 44.) However, as correctly stated in the F&R, when moving for summary judgment, Defendants must first prove that there was an available administrative remedy which Plaintiff did not exhaust prior to filing suit. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc)). "Under § 1997e(a), the exhaustion requirement hinges on the "availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1858 (June 6, 2016). Defendants failed to show that Plaintiff had been informed of the requirements under Title 15 both to list of all offending prison staff (§ 3084.2(a)(3)) and for detailed factual specificity (§ 3084.2(a)(4)). Yet their motion relied heavily on these requirements. An administrative process that is not conveyed to the inmates effectively renders the remedy unavailable since "essentially 'unknowable' -- so that no ordinary prisoner can make sense of what it demands . . . ." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1859-60 (2016), quoting *Goebert v. Lee County,* 510 F.3d 1312, 1323 (C.A.11 2007), and *Turner v. Burnside,* 541 F.3d 1077, 1084 (C.A.11 2008) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available"). Inmate Appeals #13-1073 and #13-1320 exhausted Plaintiff's available administrative remedies on his claims under § 1983 in this action.

Plaintiff objected that his attempts to file suit in Kings County Superior Court in March and May of 2013 on his claims under California law were timely and sufficed his obligation to commence a timely civil action under California Government Code § 945.6, subd. (a)(1). (Doc. 45.) However, as noted in the F&R, neither of those filings "commenced" an action as both were rejected by the Superior Court and Plaintiff's filing in June of 2013 was not timely for purposes of the California Tort Claims Act.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

///

//

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 27, 2016 (Doc. 43), is adopted in full;[1] and
2. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 15, 2016**             /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE

---

[1] There are no factual disputes which require an evidentiary hearing. *Albino*, 747 F.3d at 1170. Defendants' request for a hearing is denied.

3