# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>        Plaintiff,<br><br>v.<br><br>RASEY, et al.,<br><br>        Defendants. | Case No.  1:14-cv-02029-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 53)** |

**I. Background**

Plaintiff, James Leos, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2016, the Magistrate Judge filed Findings and Recommendations (F&R) to grant Defendants' motion for summary judgment on Plaintiff's negligence claim against Defendant Rasey under California law since as untimely under the California Tort Claims Act, Cal. Gov't Code § 945.6, but to deny their motion on Plaintiff's claims under § 1983, finding that Plaintiff had exhausted the administrative remedies that were available to him before he filed suit. (Doc. 43.)  This was served on the parties that same day and contained notice that any objections to it were to be filed within twenty-one days.  (*Id.*)  Both sides filed timely objections.  (Docs. 44, 45.)  An order issued adopting the F&R in full on September 16, 2016 ("the Order Adopting"). (Doc. 47.)

On October 26, 2016, Plaintiff filed a motion for reconsideration of the Order Adopting

1

asserting that dismissal of his negligence claim under California law against Defendant Rasey was erroneous as, under California law, his filing of this action was timely.  (Doc. 53.) Defendants filed an opposition.  (Doc. 59.)  Despite lapse of more than the allowed time, Plaintiff has not filed a reply.  The motion is deemed submitted.  L.R. 230(*l*).

## II.  Reconsideration Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

original).

Plaintiff asserts error occurred when his negligence claim under California law against Defendant Rasey was dismissed as untimely. (Doc. 53.) Plaintiff argues that this action was timely under the equitable tolling principles espoused by the California Third Circuit Court of Appeals in *Wright v. State*, 122 Cal.App.4th 659, 670, 19 Cal.Rptr.3d 92 (2004). (*Id.*)

As correctly stated in the F&R, under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB"), and the VCGCB acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 797 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the

applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff initially filed this action in Kings County Superior Court on June 6, 2014. (Doc. 1, p. 5-67.) In Defendants' underlying motion, the evidence showed that, between February 22, 2013 and June 6, 2014, Plaintiff submitted, and the VCGCB rejected, two tort claims: (1) Claim No. G612861, and (2) Claim No. G616990. (Doc. 29-3, RJN, Exs. B & C.)[1] Claim No. G612861 pertains to Plaintiff's allegations against Defendant Rasey; Claim No. G616990 does not. (*Id.*, Ex. B at 001, 006-008; Ex. C at 001, 005-007.) The VCGCB rejected Claim No. G612861 on September 27, 2013. (*Id.*, RJN, Ex. B at 004.) Defendants asserted that, to be timely, Plaintiff must have filed his operative civil complaint on or before March 27, 2014. Cal. Gov't Code § 945.6(a)(1). This was held to be an accurate assessment of the applicable law to the facts in the case, and Plaintiff's negligence claim under California law against Defendant Rasey was dismissed. (*See* Docs. 43, 47.)

In his motion for reconsideration,[2] Plaintiff correctly argues that, per *Wright*, the six months deadline to file an action after VCGCB rejection was tolled during the time he exhausted available administrative remedies via CDCR's inmate appeal process. (Doc. 53.) *Wright* held that "[s]ince a litigant must exhaust administrative remedies before filing a court action, we exclude the time consumed by the administrative proceeding from the time limits that apply to pursuing the court action. This procedure serves the orderly administration of justice. Thus, we exclude the time during which a litigant reasonably pursues his administrative remedy from the six month time limit for filing a court action after the Board of Control rejects a Government Tort Claim." *Wright*, 122 Cal.App.4th at 671.

Thus, the VCGCB rejected Claim No. G612861 on September 27, 2013, and the six month deadline for Plaintiff to file suit on those claims was tolled until he had fully exhausted the available administrative remedies on those same claims. Plaintiff argues that he had not fully

---

[1] Defendants' requested judicial notice be taken of Plaintiff's CTCA claims and the docket of Plaintiff's state court action which Defendants removed here was properly granted in the underlying motion, and judicial notice is herein taken again as they are matters of public record, including documents on file in federal or state courts, and Plaintiff did not dispute their accuracy. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

[2] Plaintiff also raised equitable tolling under *Wright* in his objection to the F&R which was reviewed, but not commented on in the Order Adopting. (*See* Doc . 45, p. 3.)

exhausted available administrative remedies through CDCR's administrative grievance process until January 16, 2014, which made his filing of suit in Kings County Superior Court on June 6, 2014 timely. (Doc. 53, pp. 1-3.) However, as fully discussed in the F&R and adopted in the Order Adopting, Plaintiff exhausted available administrative remedies on his claims against Defendant Rasey in IA SATF-13-01073.[3] (Doc. 43, F&R, 5:20-9:13.) The Third Level Appeal Decision on IA SATF-13-01073 issued on September 5, 2013 -- twenty-four days prior to rejection of Claim No. G612861 by the VCGCB. (*See* Doc. 29-14, pp. 2-3; Doc. 29-3, Ex. B at 004.) Thus, the equitable tolling provided for In *Wright* is inapplicable since Plaintiff had fully exhausted CDCR's available administrative remedies on his claims against Defendant Rasey before the VCGCB rejected his tort claim thereon.

Plaintiff thus fails to show newly discovered evidence, clear error, or an intervening change in the controlling law. *Marlyn Nutraceuticals*, 571 F.3d at 880.[4]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation, which issued on July 27, 2016 (Doc. 43) and Order Adopting which issued on September 16, 2016 (Doc. 47), which dismissed Plaintiff's negligence claim under California law against Defendant Rasey, to be supported by the record and proper analysis.

### III. Order

Accordingly, Plaintiff's motion for reconsideration, filed on October 26, 2016 (Doc. 53), is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 11, 2017**         /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE

---

[3] Plaintiff does not specify which of his inmate appeals he believes did not fully exhaust his claims against Defendant Rasey until January 16, 2014. (Doc. 53.) Plaintiff may have been relying on the Director's Level Appeal Decision he received in IA SATF-13-01075, but this decision issued on January **6**, 2014 (Doc. 29-8, pp. 25-26), *not* January **16**, 2014 as Plaintiff asserts. Further, as discussed in the F&R, IA SATF-13-0107**3** exhausted Plaintiff's claims against Defendant Rasey, *not* IA SATF-13-0107**5**. (*See* Doc. 43, F&R, 5:20-9:13.)

[4] Defendants' argument that Plaintiff's motion for reconsideration was untimely (Doc. 59, 3:19-24) need not be considered since Plaintiff's motion fails on the merits.