1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES LEOS, | Case No. 1:14-cv-02029-LJO-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |
| v. | |
| RASEY, et al., | **(Doc. 52)** |
| Defendants. | **14-DAY OBJECTION DEADLINE** |

Plaintiff claims he was forced to work in the prison kitchen despite that this exceeded his physical capabilities. (Doc. 19.) In their answer, Defendants raise twelve affirmative defenses, (Doc. 21), five of which Plaintiff now seeks to strike (Doc. 52). For the reasons set forth below, the Court recommends Plaintiff's motion be **DENIED IN PART** and **GRANTED IN PART with leave to amend**.

## FINDINGS

### I. Pleading Standards for Affirmative Defenses

The Federal Rules of Civil Procedure require a party responding to a pleading to identify its defenses to each claim asserted. Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of

frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

In *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), the Ninth Circuit Court of Appeals determined, "'the 'fair notice' required by the pleading standards only requires describing the defense in "general terms." "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." *Bird v. Zuniga*, 2016 WL 7912005, * 2 (E.D. Cal. Nov. 30, 2016); citing *United States v. Gibson Wine Co.*, No. 15-1900, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) (internal quotation marks and citations omitted); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.")

Merely naming a doctrine or statute in an affirmative defense is insufficient to afford fair notice. *Wild v. Benchmark Pest Control, Inc.*, 2016 WL 1046925, at *4 (E.D. Cal. Mar. 16, 2016); *Stevens v. Corelogic, Inc.*, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); *Beco Dairy Automation Inc. v. Global Tech Systems, Inc.,* 2015 WL 5732595 (E.D. Cal. Sept. 28, 2015); *Kohler v. Staples*, 291 F.R.D. 464, 469 (S.D. Cal. 2013).  Likewise, "[s]imply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in [the] action. . . ." *Bd. of Trs. of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, No. 13-01545, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014).

**II.     Motion to Strike**

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f).  A defense may be "insufficient" either as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).  A defense is insufficiently pled if it fails to give "fair notice" of the defense, but insufficient as a matter of law when there are no questions of fact or law, and the

2

defense would not succeed under any circumstances. *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike affirmative defenses "are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must view the pleading under attack in the light more favorable to the pleader." *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). If a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the policy favoring resolution of cases "on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

As the moving party, Plaintiff bears the burden on his motion to strike and the standard for granting such a motion is high. *Willis v. Mullins,* No. CIV-F-04-6542 AWI LJO, 2006 WL 2792857, at *1 (E.D.Cal. Sept. 28, 2006). "'[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.'" *Hernandez*, 2007 WL 1649911, at *1; *also McArdle v. AT&T Mobility, LLC*, No. C 09-1117 CW, 2009 WL 2969463, at *9 (N.D.Cal. Sept. 14, 2009). Further, "a motion to strike an affirmative defense 'will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Acacia Corporate Management, LLC v. United States*, No. CIV F-07-1129 AWI GSA, 2008 WL 191029, at *5 (E.D.Cal. Jan. 22, 2008) (quoting *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1400 (7th Cir. 1991)).

Plaintiff seeks to strike Defendants' First, Second, Third, Fourth, and Sixth Affirmative Defenses. (Doc. 52.)

**III.  Discussion and Analysis**

    **A.  First Affirmative Defense**

The First Affirmative Defense states:

3

> Defendants are immune from liability under the doctrine of qualified immunity because their conduct did not violate any clearly established law and their actions were objectively reasonable at all times mentioned in the Second Amended Complaint.

(Doc. 51, Amd. Ans. to SAC, p. 4.)

Qualified immunity is an affirmative defense that should be pled by the defendant. *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993), citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980); Fed.R.Civ.P. 8(c). "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, --- U.S. ---, 135 S.Ct. 2042, 2044 (June 1, 2015) quoting *Reichle v. Howards*, --- U. S. ---, 132 S.Ct. 2088, 2092 (2012). Qualified immunity analysis requires two prongs of inquiry: "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009); *see also Pauluk v. Savage* , --- F.3d. ---, 2016 WL 4598287, *8 (9th Cir. Sept. 8, 2016). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichel*, 132 S.Ct. at 2092; *see also Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *4 (9th Cir. Aug. 15, 2016).

The doctrine of qualified immunity "balances two important interests -- the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In his motion, Plaintiff attacks the first affirmative defense by merely stating "The claim that the officer conduct was reasonable, does not address the specific elements of qualified immunity." (Doc. 52, p. 3.) But the first affirmative defense does not just assert that Defendants' conduct was reasonable; rather, it asserts both that officer conduct did not violate any clearly established law *and* was objectively reasonable. This generally addresses both

elements of qualified immunity and gives Plaintiff fair notice of the defense. *Kohler*, 779 F.3d at 1019. Further, Plaintiff does not show any prejudice from this affirmative defense, *Hernandez*, 2007 WL 1649911, at *1, and the Court finds none. Thus, Plaintiff's motion to strike Defendants' First Affirmative Defense should be **DENIED**.

### B. Second Affirmative Defense

The Second Affirmative Defense states:

> All happenings, events, damages, and injuries referred to in the Second Amended Complaint were proximately caused and contributed by Plaintiff's own conduct in that he failed to exercise ordinary care at all times mentioned, or by his own deliberate conduct Plaintiff caused the damages and injuries alleged.

(Doc. 51, Amd. Ans. to SAC, p. 4.) Plaintiff's only objection as to this affirmative defense is that "Defendants fail to set forth any fact to suggest why they think this is so." (Doc. 52, p. 3.) Contributory negligence is an affirmative defense listed in Rule 8(c)(1). This affirmative defense in its entirety provides Plaintiff with fair notice of Defendants' intent to argue that Plaintiff's conduct contributed to his damages and injuries in connection with this incident. An explanation as to why Defendants "think this is so" is not required in a responsive pleading. Therefore, Plaintiff's motion to strike Defendants' Second Affirmative Defense should be **DENIED**.

### C. Third Affirmative Defense

The Third Affirmative Defense states:

> To the extent that Plaintiff has previously litigated the issues raised in this complaint, the complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel.

(Doc. 51, Amd. Ans. to SAC, p. 4.) Plaintiff objects that this affirmative defense states "no facts suggesting his suit is untimely and identify no prior action which could conceivably bar" it. (Doc. 52, p. 4, citing "*Mayfield*, 2015 WL 791309, at *4; *Dodson*, 289 F.R.D. at 604 (only finding conclusory averment of statute of limitations defense adequate because plaintiff had not said when alleged violations occurred.)."

Estoppel and res judicata are affirmative defenses listed in Rule 8(c)(1). This affirmative defense in its entirety provides Plaintiff with fair notice of Defendants' intent to argue that

Plaintiff is estopped if he has previously litigated the issues raised in this action.  Defendants need not cite specific case numbers in which they believe Plaintiff previously litigated these issues in their responsive pleading.  It suffices to place Plaintiff on notice that, if he has previously litigated the claims in this action, they will raise collateral estoppel and/or res judicata as a bar.  Therefore, Plaintiff's motion to strike Defendants' Third Affirmative Defense should be **DENIED**.

### D. <u>Fourth Affirmative Defense</u>

The Fourth Affirmative Defense states:

> To the extent Plaintiff failed to take reasonable actions to mitigate his damages, if any such damages occurred, any recovery against Defendants must be reduced by the amount of damage that Plaintiff could have prevented through the exercise of reasonable diligence.

(Doc. 51, Amd. Ans. to SAC, p. 5.)  Plaintiff asserts that "Defendants failed to establish that Plaintiff had a duty to mitigate nor did they provide a factual basis for concluding that Plaintiff failed to do so."  (Doc. 52, p. 4.)  "Courts have typically held that a generalized statement . . . meets [a party's] pleading burden with respect to the affirmative defense of damage mitigation." *See Kaur v. City of Lodi,* No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *5 (E.D. Cal. Feb. 16, 2016); *see also Eurow & O'Reilly Corp. v. Superior Mfg. Grp., Inc.*, No. CV 14-6595-RSWL VBKX, 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015) (alterations in original) (citation and internal quotation marks omitted); *Hamilton v. Quinonez*, No. 1:14-CV-1216-LJO, 2015 WL 1238245, at *4 (E.D. Cal. Mar. 17, 2015) report and recommendation adopted, No. 1:14-CV-1216-LJO-MJS, 2015 WL 1606969 (E.D. Cal. Apr. 9, 2015) (applying *Iqbal/Twombly* pleading standard to affirmative defenses).

The Fourth Affirmative Defense contains a description of the defense for Plaintiff's failure to mitigate his damages and explains the offset which may result from a finding in their favor.  This is a sufficient description of the mitigation defense for pleading purposes.  *Kohler*, 779 F.3d at 1019.  Proof of circumstances under which Plaintiff would be required to mitigate damages and of his failure to do so will be fodder for the finder of fact, but need not be stated in a responsive pleading.  Thus, Plaintiff's motion to strike Defendants' Fourth Affirmative

Defense should be **DENIED**.

### E. Sixth Affirmative Defense

The Sixth Affirmative Defense states: "This action is barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994)." (Doc. 51, Amd. Ans. to SAC, p. 5.)

Plaintiff objects to this affirmative defense by stating that "Defendants fail to set forth some factual support, when in fact they admit Plaintiff's RVR was dismissed." (Doc. 52, p. 4, citing Doc. 51, 3:22-23.)

The United States Supreme Court has determined that an inmate may not bring an action under § 1983 if its success would release the claimant from confinement or shorten its duration, *Preiser v, Ridrugyez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Defendants' Sixth Affirmative Defense merely states that the action is barred by *Heck*. It does not provide any factual basis to meet the fair notice requirement, *Bird*, 2016 WL 7912005, * 2, which is less than clear for fair notice purposes given their admission, as Plaintiff correctly points out, that the RVR against Plaintiff was dismissed. (Doc. 52, p. 4, citing Doc. 51, 3:22-23.) Additionally, given the RVR involved in Plaintiff's allegations, Defendants' affirmative defense fails to provide any basis for the application of *Heck*, as opposed to *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997) (for loss of good-time credits). Thus, Plaintiff's motion to strike Defendants' Sixth Affirmative Defense should be **GRANTED**.

### RECOMMENDATION

Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's motion to strike the affirmative defenses should be **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion should be **GRANTED** as to the Sixth Affirmative Defense which should be **STRICKEN with leave to amend**;

   b. The motion should be **DENIED** as to the First, Second, Third, and Fourth Affirmative Defenses;

2. Defendants should be given leave to file an amended answer[1]; and

3. Failure to amend should result in the matter proceeding without the Sixth Affirmative Defense.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **14-days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: __March 1, 2017__            __/s/ Jennifer L. Thurston__
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Leave to amend should only be granted as to the Sixth Affirmative Defense.