# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>    Plaintiff,<br><br>    v.<br><br>RASEY, et al.,<br><br>    Defendants. | 1:14-cv-02029-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S UNTIMELY MOTION TO COMPEL**<br><br>(Doc. 69) |

**I. Background**

On April 3, 2017, Plaintiff filed a motion to compel Defendants to respond to his First Set of Requests for Admissions, Second Set of Interrogatories, and First Set of Requests for Production in which he also requests monetary sanctions. (Doc. 69.)[1]

The first Discovery and Scheduling (D&S) order issued and opened discovery in this case on October 13, 2015. (Doc. 22.) That order set the discovery deadline as June 13, 2016 and directed that responses to written discovery were due 45 days after the request is first served and that discovery requests must thus be served at least 45 days before the discovery deadline, but suggested they be served well in advance of 45 days pre-deadline as all motions to compel must be filed on or before the discovery deadline. (*Id.*, ¶¶ 5, 9.) It also stated that "[**a**] **request for an**

---

[1] Though the time for Defendants to file an opposition has not lapsed, they will not be prejudice by early denial of Plaintiff's motion.

1

**extension of a deadline set in this order must be filed on or before the expiration of the deadline in question**;" and "[e]**xtensions of time will only be granted on a showing of good cause.**" (*Id.*, ¶¶ 11, 12 (emphasis in original).)

Subsequently, the D&S order was twice amended which resulted in a final discovery cut-off date of February 28, 2017. (Doc. 50.) Both of the amended D&S orders repeated the 45-day response and service time and required motions to compel must be filed on or before the discovery deadline. (*See* Docs. 48, 50.) The First Amended D&S order repeated that "[r]equests for extensions of the deadlines set forth in this Discovery and Scheduling Order **must be filed on or before the expiration of the date in question**. **These deadlines are firm and will not be extended by the Court except upon a showing of good cause**." (Doc. 48, ¶ V., citing Fed. R. Civ. P. 16(b)(4) (emphasis in original).) The Second Amended D&S order stated: "A request for an extension of any deadline set in this order must be filed at least two weeks before it expires. **The deadlines set forth above are firm and will only be extended upon a showing of good cause.**" (Doc. 50, ¶ IV (emphasis in original).) Despite these repeated, emphatic warnings, Plaintiff did not file his current motion to compel until April 3, 2017 -- well beyond the February 28, 2017 discovery deadline.

## II. Legal Standard

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, to "file motions" and "complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A scheduling "order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals

2

explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following:
>
> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228;
> (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608. Moreover, this Court's Local Rule 144(d) requires that necessary extensions should be sought "as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor."

Discovery was open in this case for sixteen months (October 13, 2015 - February 28, 2017). Despite this, Plaintiff's motion shows that, prior to January of this year, he had served only one set of interrogatories on Defendants. (*See* Doc. 69.) Plaintiff provides no explanation demonstrating diligence on his part. Further, the Court notes that defense counsel did not send the letter refusing to respond to Plaintiff's propounded discovery until the date of the discovery deadline. (Doc. 69-1.) While the Court does not condone this action, this is a consequence of Plaintiff waiting until very nearly the last date possible to serve his discovery request and does

not justify the Plaintiff's late motion.  Though Plaintiff's discovery was timely[2], his motion to compel responses was not.  Further, Plaintiff did not request an extension of the current discovery deadline and provides no showing of good cause for his failure to do so, or upon which to justify granting an extension *nunc pro tunc*.

### III. Conclusion

Accordingly, the Court **ORDERS** that Plaintiff's motion to compel discovery responses from Defendants, filed on April 3, 2017 (Doc. 69), is untimely and is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 5, 2017**                                     /s/ Jennifer L. Thurston
                                                               UNITED STATES MAGISTRATE JUDGE

---

[2] January 12, 2017, when Plaintiff served his discovery requests on Defendants was 47 days prior to the February 28, 2017 deadline.  The assertion in defense counsel's correspondence that Fed. R. Civ. P. 6(d) required Plaintiff to serve his interrogatories on or before January 11, 2017 is inaccurate.  Rule 6(d) adds three days to any *response* due when an initiating document is served by mail, which would have given Defendants 48 days from the date of service to serve their responses.  Rule 6(d) did not require Plaintiff to serve his discovery requests 48 days prior to the discovery deadline.