# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>        Plaintiff,<br><br>   v.<br><br>RASEY, et al.,<br><br>        Defendants. | Case No.  1:14-cv-02029-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION WITH PREJUDICE**<br><br>**(Doc. 63)** |

Plaintiff, James Leos, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Background**

On July 27, 2016, the Magistrate Judge filed Findings and Recommendations (F&R) to grant Defendants' motion for summary judgment on Plaintiff's negligence claim against Defendant Rasey under California law since as untimely under the California Tort Claims Act, Cal. Gov't Code § 945.6, but to deny their motion on Plaintiff's claims under § 1983, finding that Plaintiff had exhausted the administrative remedies that were available to him before he filed suit.  (Doc. 43.)  This was served on the parties that same day and contained notice that any objections to it were to be filed within twenty-one days.  (*Id.*)  Both sides filed timely objections.  (Docs. 44, 45.)  An order issued adopting the F&R in full on September 16, 2016 ("the Order Adopting").  (Doc. 47.)

On October 26, 2016, Plaintiff filed a motion for reconsideration of the Order Adopting

1

asserting that dismissal of his negligence claim under California law against Defendant Rasey was erroneous as, under California law, his filing of this action was timely which was denied. (Docs. 53, 61.)  Plaintiff has now filed a second motion for reconsideration on this issue.  (Doc. 63.)  Defendants filed an opposition.  (Doc. 66.)  Despite lapse of more than the allowed time, Plaintiff has not filed a reply.  The motion is deemed submitted.  L.R. 230(*l*).

## II. Reconsideration Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff fails to show newly discovered evidence, clear error, or an intervening change in the controlling law, *Marlyn Nutraceuticals*, 571 F.3d at 880, and the Court declines to spend its scarce resources to further explain an issue that it has now addressed multiple times in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation, which issued on July 27, 2016 (Doc. 43) and Order Adopting which issued on September 16, 2016 (Doc. 47), which dismissed Plaintiff's negligence claim under California law against Defendant Rasey, as well as the order denying Plaintiff's previous motion for reconsideration thereof which issued on February 13, 2017 (Doc. 61), to be supported by the record and proper analysis.

### III. Order

Accordingly, Plaintiff's motion for reconsideration, filed on March 3, 2017 (Doc. 63), is **DENIED with prejudice**. Any further motions for reconsideration from Plaintiff on the issue of exhaustion will be STRICKEN from the docket.

IT IS SO ORDERED.

Dated: **April 6, 2017**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE