# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>        Plaintiff,<br><br>   v.<br><br>RASEY, et al.,<br><br>        Defendants. | 1:14-cv-02029-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Docs. 76, 83, 85) |

**I. Background**

Plaintiff, James Leos, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff filed a motion to compel Defendants to respond to his First Set of Requests for Admissions, Second Set of Interrogatories, and First Set of Requests for Production, (Doc. 69), which the Magistrate Judge denied as untimely (Doc. 70).

On May 1, 2017, Plaintiff filed objections to the Magistrate Judge's order denying his motion to compel. (Doc. 76.) Defendants filed a response. (Doc. 82.) Plaintiff requested an extension to reply to Defendants' response, (Doc. 83), which is hereby granted *nunc pro tunc*, and thereafter filed his reply (Doc. 84). Plaintiff's objections are construed as a motion for reconsideration, which is deemed submitted. L.R. 230(*l*).

///

//

1

**II. Reconsideration Standards**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff asserts that he relied on assurances from defense counsel at his deposition on January 24, 2017, that they would provide responses to discovery he propounded on January 12,

1 | 2017. (Doc . 76.) As correctly stated in the Magistrate Judge's order denying Plaintiff's motion to compel, the Discovery & Scheduling Order was twice amended which resulted in a final discovery cut-off date of February 28, 2017. (Doc. 50.) Both of the amended D&S orders repeated the 45 day response and service time and required motions to compel or for extensions to be filed on or before the discovery deadline. (*See* Docs. 48, 50.) Despite repeated, emphatic warnings in the D&S orders, Plaintiff did not file his motion to compel until April 3, 2017 -- over a month beyond the February 28, 2017 discovery deadline.

Plaintiff's original motion and his motion to compel show that, prior to January of this year, he had only served one set of interrogatories on Defendants, (*see* Docs. 69, 76), which he received responses to on November 30, 2016, (Doc. 76, 3:8-9). Plaintiff provides no explanation as to why he waited over a month thereafter, until January 12, 2017 (47 days prior to the discovery cutoff deadline), to serve a second round of discovery on Defendants.

Nor does Plaintiff explain why he did not file a motion to continue the discovery deadline other than that he relied on an erroneous date in correspondence from defense counsel over the date in the applicable D&S order -- which does not equate to good cause. It is because of his own lack of diligence that Plaintiff finds himself in his current predicament, which terminates further inquiry. *Johnson*, 975 F.2d at 609

Defense counsel did not send the letter refusing to respond to Plaintiff's propounded discovery until the date of the discovery deadline, which as noted by the Magistrate Judge is not condoned, nevertheless it is but a consequence of Plaintiff waiting until very nearly the last date possible to serve his second round of discovery requests on Defendants and provides no excuse for Plaintiff's late motion to compel responses. Though Plaintiff's discovery was timely served,[1] his motion to compel responses was not timely filed and he did not request an extension of the discovery deadline. Plaintiff fails to show newly discovered evidence, commission of clear error,

---

[1] January 12, 2017, when Plaintiff served his discovery requests on Defendants was 47 days prior to the February 28, 2017 deadline. The assertion in defense counsel's correspondence that Fed. R. Civ. P. 6(d) required Plaintiff to serve his interrogatories on or before January 11, 2017 is inaccurate. Rule 6(d) adds three days to any *response* due when an initiating document is served by mail, which would have given Defendants 48 days from the date of service to serve their responses. Rule 6(d) did not require Plaintiff to serve his discovery requests 48 days prior to the discovery deadline.

3

or an intervening change in the controlling law, and merely repeats arguments and assertions raised and considered in his motion to compel. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. After careful reviewed the entire file, the Court finds the order which issued on April 6, 2017 (Doc. 70) denying Plaintiff's motion to compel discovery responses as untimely to be supported by the record and proper analysis.

**III. Order**

Accordingly, Plaintiff's motion for reconsideration, filed on May 1, 2017 (Doc. 76), is **DENIED**, and any objections thereunder are **OVERRULED**.

IT IS SO ORDERED.

Dated: **September 6, 2017**    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE