# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS,<br><br>        Plaintiff,<br><br>    v.<br><br>RASEY, et al.,<br><br>        Defendants. | Case No. 1:14-cv-02029-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docs. 88, 120)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

    Plaintiff, James Leos, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On January 31, 2018, the Magistrate Judge filed a Findings and Recommendations to grant in part and deny in part Defendants' motion for summary judgment, which was served on the parties and notified the parties that objections were to be filed within twenty-one days. (Doc. 120.) Defendants and Plaintiff filed objections. (Docs. 125, 126.)

    In their objections, Defendants contend that the F&R "is silent as to whether Plaintiff was engaged in protected conduct under the First Amendment." (Doc. 125, p. 2.) Defendants argue that Plaintiff is required to prove that he engaged in protected conduct, "such as submitting proper prison grievances." (Doc. 125, pp. 5-6.) Defendants contend that Plaintiff's inmate grievance No. SATF-E-13-01320, does not qualify as protected conduct under the First Amendment because it was part of an effort by Plaintiff to avoid working in the E-Facility kitchen. (*Id.*) Defendants contend that Plaintiff was less than forthcoming about his injuries with Defendant

1

Stonestreet who was investigating grievance 01320. (*Id.*) As such, Defendants argue grievance 01320 does not qualify as protected conduct by Plaintiff. (*Id.*) The only authority Defendants cite in support of this proposition is a 10-year-old case from the Eleventh Circuit, *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008). Defendants do not cite any cases from any courts within the Ninth Circuit agreeing with their argument, and the Court finds none.[1] This Court is not persuaded to set a precedent of finding that an inmate's prison grievance is not protected conduct under the First Amendment merely because officials contend the inmate's assertions within it are less than truthful.

Further, Defendants' argument that "the Magistrate Judge did not address whether Plaintiff was, in fact, engaged in protected conduct that was adversely affected by Defendant Rasey's alleged retaliation," (Doc. 125, 5:15-17), is a tortured misinterpretation on three accounts. First, a retaliation claim under the First Amendment does not require a showing that the defendant's retaliatory action adversely affected the inmate's protected conduct. Rather, the correct elements of a retaliation claim are that an inmate engaged in protected conduct which was the animus for the defendant's adverse, non-penological actions. *See Rhodes v. Robinson,* 408 F.3d 559, 568 (9th Cir. 2005). Second, the entire analysis contained within the F&R was premised on the fact that Defendant Stonestreet initiated RVR E-13-05-030 against Plaintiff as a result of investigating grievance 01320, which Plaintiff filed against the two defendants in this case. The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

Third, while Defendants now assert that the premise for their motion was that grievance 01320 was not a "proper inmate grievance" to qualify as protected conduct because, they contend Plaintiff submitted it as part of "a concerted effort to avoid working in the E-Facility kitchen" (Doc. 125, 6:17-21), this argument was not raised in their motion. While Defendants' motion contained a section titled: "Plaintiff Was Not Engaged in Protected Conduct," it was hardly a foundational premise as that section comprised a mere ten lines out of a nineteen page

---

[1] Though this Court found a few California district courts that have cited *Smith v. Mosley*, they did not do so in support of the premise Defendants assert here.

2

memorandum of points and authorities. (Doc. 88-2, 22:11-22.) Further, that small section of the P&A, which began by acknowledging that Plaintiff alleged RVR E-13-05-030 issued against him because of his grievance 01320, did not attack it as "improper" basis for a retaliation claim. (*Id.*) Rather, in that section of the P&A, Defendants argued that it was Plaintiff's conduct of repeatedly trying "to get away from his job assignment in the dining hall," not Plaintiff's use of SATF's grievance system (including grievance 01320), that led to RVR E-13-05-030. (*Id.*) Regardless of whether Defendants' raised it in their motion, for the reasons previously mentioned, it is the finding of this Court that grievance 01320 qualified as protected conduct for Plaintiff's retaliation claim. Finally, this Court concurs with the inferences construed in the F&R in Plaintiff's favor as the nonmoving party, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012), and declines to revisit the evidence as Defendants desire.

Plaintiff's objections, largely echoing his opposition to Defendants' motion, fail to show that he had medical restrictions which were ignored by Defendant Rasey on February 22, 2013 to show she was deliberately indifferent to Plaintiff's serious medical need. The evidence presented clearly showed that Plaintiff was cleared for full food-handling work assignment, without restrictions, on February 22, 2013, when he reported to the E-Facility for work. (Doc. 120, p. 7.) Thus, Defendant Rasey was not deliberately indifferent to Plaintiff's medical condition when she required him to work that day -- with or without modification of his job tasks. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994) (The Eighth Amendment does not apply where prisoners have been required to work unless they are compelled to perform physical labor beyond their physical limitations.) Correctional staff is not deliberately indifferent when they require an inmate to perform job duties which have been cleared for and assigned based on their medical conditions. Further, Defendants were not deliberately indifferent for requiring Plaintiff to attend and perform his assigned job duties any day that he did not have a medical lay-in, or other restriction issued by a medical provider.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the

Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. the Findings and Recommendations, filed on January 31, 2018, are adopted in full;
2. Defendants' motion for summary judgment (Doc. 88) is **GRANTED IN PART** and **DENIED IN PART** as follows:
    a. summary judgment on Plaintiff's deliberate indifference claim under the Eighth Amendment against Defendants Stonestreet and Rasey is **GRANTED**;
    b. summary judgment on Plaintiff's retaliation claim against Defendant Stonestreet is **GRANTED**; and
    c. summary judgment on Plaintiff's retaliation claim under the First Amendment against Rasey is **DENIED**;
3. Defendant Stonestreet and all claims against him are **DISMISSED** from this action;
4. The parties SHALL file statements **within twenty-one days** of the date of service of this order whether a settlement conference would be beneficial before trial is scheduled; and
5. The matter is referred back to the magistrate judge.

IT IS SO ORDERED.

Dated: __**March 19, 2018**__     _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES CHIEF DISTRICT JUDGE