# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES LEOS,** | Case No. 1:14-cv-02029-LJO-JLT (PC) |
| Plaintiff, | **AMENDED ORDER SETTING SETTLEMENT CONFERENCE ON JULY 10, 2018** |
| v. | |
| **C. RASEY, et al.,** | (Docs. 133, 134) |
| Defendants. | |

The Court previously determined that this case will benefit from a settlement conference which was scheduled to occur on July 16, 2018 at CSP-Cor. (Doc. 133.) However, defense counsel filed a request that it be rescheduled due to unavailability. (Doc. 134.) Thus, the settlement conference is continued to July 10, 2018 at 10:00 a.m. The Court will issue the necessary transportation order in due course.

In accordance with the above, the Court **ORDERS**:

1. The July 16, 2018 settlement conference at CSP-Cor previously scheduled in this action is CONTINUED to July 10, 2018 at 10:00 a.m. in Courtroom 7, before Magistrate Judge Sheila K. Oberto at the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, California;

2. A representative with full authority to negotiate and enter into a binding settlement

1

shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages.

4. Each party shall provide a confidential settlement statement to Sujean Park, ADR Division, 501 I Street, Suite 4-200, Sacramento, California 95814, or by email to spark@caed.uscourts.gov so they arrive no later than July 2, 2018 and file a Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)).  Settlement statements should not be filed with the Clerk and shall be marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement **SHALL NOT** exceed five pages in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case;

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute;

    c. A summary of the proceedings to date;

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial;

    e. The relief sought;

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands;

///

///

---

[1] Though the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).

2

g. A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated: **May 1, 2018**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE