# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEOS, | 1:14-cv-02029 LJO JLT (PC) |
| Plaintiff, | |
| v. | ORDER RE SETTLEMENT CONFERENCE |
| C. RASEY, | |
| Defendant. | |

Plaintiff, James Leos, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2018, the magistrate judge assigned to this action scheduled a settlement conference before Magistrate Judge Sheila K. Oberto at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #7 on July 10, 2018, at 10:00 a.m. An order and writ of habeas corpus ad testificandum will issue separately.

In accordance with the above, IT IS HEREBY ORDERED that:

1. A settlement conference is set for July 10, 2018, at 10:00 a.m. in Courtroom #7 before Magistrate Judge Sheila K. Oberto at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721.
2. Defendant's lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend in person[1].

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are directed to submit confidential settlement statements no later than June 26, 2018, to skoorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to Sujean Park, ADR & Pro Bono Program Director, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than June 26, 2018. The envelope shall be marked "Confidential Settlement Statement." If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in

---

mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

dispute.

 c. A summary of the proceedings to date.

 d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

 e. The relief sought.

 f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

 g. A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated: **May 22, 2018**         */s/ Sheila K. Oberto*
                  UNITED STATES MAGISTRATE JUDGE